UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| CHASE R. CALDWELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-CV-157 JD |
| SAMIR GUPTA, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Chase R. Caldwell filed a *pro se* complaint in this action arising out of his involuntary detention and commitment. Mr. Caldwell has also filed a petition for leave to proceed *in forma pauperis*, and has since filed a series of motions for leave to amend his complaint, along with two briefs in support of his claims. While Mr. Caldwell meets the financial requirements to proceed without prepaying the filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

In his initial complaint, Mr. Caldwell named two doctors, Samir Gupta and Verma Amendeep, as defendants. He alleged that Dr. Gupta ordered a 72-hour detention for Mr.

Caldwell to be admitted to Porter Starke Services, a mental health facility. He further alleges that Dr. Amandeep sought a forced medication order, which was granted by a state court, resulting in Mr. Caldwell being medicated against his will. Mr. Caldwell was then released after seventeen days as an involuntary patient at the facility.

In his first motion for leave to amend his complaint, dated April 22, 2015, [DE 3], Mr. Caldwell states that he is suing Dr. Gupta and Dr. Amandeep for negligence, and he reiterates some of the same facts as in his initial complaint. In his second motion for leave to amend his complaint, dated April 27, 2015 [DE 4], Mr. Caldwell seeks to drop Dr. Gupta as a defendant, and to add Nurse Diana Harris. He alleges that Dr. Amandeep filed an order of temporary commitment following the 72-hour emergency detention, and that Nurse Harris administered medication against his will. Mr. Caldwell asserts that these actions violated his Fourteenth Amendment right to liberty. However, in his most recent motion for leave to amend, dated May 7, 2015, Mr. Caldwell again names Dr. Gupta and Dr. Amandeep as the defendants. [DE 8]. In addition to alleging that the defendants violated his liberty interests, Mr. Caldwell alleges that they violated various obligations under state law, in that they failed to exercise reasonable care in diagnosing and treating him, and that they failed to keep his medical records confidential.

Even construing these pleadings liberally in favor of Mr. Caldwell, his allegations do not plead any actionable federal claim. Mr. Caldwell appears to primarily assert that the defendants violated his Fourteenth Amendment right to liberty. To state a claim under 42 U.S.C. § 1983 for a violation of federally protected rights, a plaintiff must plead two elements: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Mr. Caldwell's complaint does not satisfy either element.

As to whether he was deprived of a federal right, Mr. Caldwell alleges that he was confined and medicated against his will, but his allegations do not indicate that the defendants did so wrongfully. "Generally speaking, a mental-health seizure is lawful if there is probable cause to believe that the person seized is a danger to [himself] or others." *Bruce v. Guernsey*, 777 F.3d 872, 876 (7th Cir. 2015). Here, Mr. Caldwell does not plead any facts giving rise to his confinement; he simply alleges that the doctors caused him to be confined, which fails to plausibly suggest that the defendants confined him without probable cause. Likewise, the due process clause does not forbid medicating an individual against their will; it simply requires certain procedural protections. *See Washington v. Harper*, 494 U.S. 210, 221–22 (1990). Here, Mr. Caldwell's allegations indicate that the defendants sought and received court permission to administer medications, so it is not apparent from his allegations how the defendants violated his rights in that respect.

Mr. Caldwell's pleadings also fail to state a federal claim for a more fundamental reason, in that there is no indication that any of the defendants acted under color of state law, such that they could be subject to suit under § 1983. "Indiana law provides a detailed process for the involuntary commitment of mentally ill persons who may be dangerous to themselves or others." *Sherman v. Four Cnty. Counseling Ctr.*, 987 F.2d 397, 400 (7th Cir. 1993). "An individual may be detained in a facility for not more than seventy-two (72) hours . . . if a written application for detention is filed with the facility." Ind. Code § 12-26-5-1(a). The application need not be made by a police officer or state official. *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 690–92 (Ind. Ct. App. 2012) (holding that an individually was lawfully detained where the application was signed by his wife). An individual may also be temporarily committed for up to ninety days by order of a court if continued involuntary detention is necessary. Ind. Code § 12-26-6-1.

However, initiating and pursuing detention and commitment proceedings does not make an individual a state actor. The *en banc* Seventh Circuit addressed this scenario in *Spencer v. Lee*: "Do a private physician and a private hospital act under color of state law, and therefore lay themselves open to suit under 42 U.S.C. § 1983, when they commit a mentally disturbed person? . . . [W]e hold they do not." 864 F.2d 1376, 1377 (7th Cir. 1989) (en banc); *see also de Vryer v. Maryville Acad.*, 544 F. App'x 653, 654 (7th Cir. 2013) ("Private facilities and their employees do not engage in state action by virtue of their participation in this [civil commitment] process."). Other courts of appeals have reached the same conclusion. *E.g.*, *Wittner v. Banner Health*, 720 F.3d 770, 775–81 (10th Cir. 2013) (holding that a doctor and nurse at a private hospital did not act under state law when they detained and medicated an individual consistent with the state's involuntary commitment laws); *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4–9 (1st Cir. 2005) (holding that private physicians did not act under state law in connection with the plaintiff's involuntary commitment and medication against her will); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241–43 (5th Cir. 1999) (collecting cases). Therefore, because it appears from the complaint that each of the defendants were merely private individuals who invoked Indiana's involuntary detention and commitment procedures, Mr. Caldwell has failed to allege that his rights were violated by individuals acting under color of state law.

Mr. Caldwell's pleadings therefore fail to state a claim under § 1983. In addition, while Mr. Caldwell may have various claims under state law based on these or other facts, *see Spencer*, 864 F.2d at 1378 ("A purely private physician and a purely private hospital are alleged to have confined the plaintiff against his will and to have injured him by improper medical treatment. These are classic allegations of false imprisonment and malpractice . . . ."), he has not asserted a

basis upon which to bring those claims in this federal action instead of in state court. Accordingly, the Court strikes the complaint and each of the motions for leave to amend, but grants Mr. Caldwell an opportunity to file an amended complaint that either states a claim under federal law, or that presents another basis for pursuing these claims in federal court.

For these reasons, the court:

(1) STRIKES the complaint [DE 1] and each of the motions for leave to amend [DE 3, 4, 5, 7, 8];

(2) TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3) GRANTS the Plaintiff to and including June 17, 2015, to file an amended complaint; and

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: May 19, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court

basis upon which to bring those claims in this federal action instead of in state court. Accordingly, the Court strikes the complaint and each of the motions for leave to amend, but grants Mr. Caldwell an opportunity to file an amended complaint that either states a claim under federal law, or that presents another basis for pursuing these claims in federal court.

For these reasons, the court:

(1) STRIKES the complaint [DE 1] and each of the motions for leave to amend [DE 3, 4, 5, 7, 8];

(2) TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3) GRANTS the Plaintiff to and including June 17, 2015, to file an amended complaint; and

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: May 19, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court